UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LYNN RICHARD NORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 2:21-CV-84 |
| DAVID BARKER et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a Motion to Proceed *in forma pauperis* [Doc. 5]. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and

still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in concluding that Plaintiff is entitled to proceed *in forma pauperis*; therefore, the Application to Proceed Without Prepayment of Fees [Doc. 5] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. To survive this initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). At the same time, the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A pro se litigant is "not automatically entitled to take every case to trial. *Id.* (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996)). Even when addressing Plaintiff's claim under this liberal standard, the Court concludes that it should not proceed for the reasons set forth below.

I. Factual Allegations

Plaintiff filed the instant Complaint [Doc. 1] against Hamblen County Sheriff's Department Officers David Barker, Chris Giles and Gene Watson; former United States Attorney

J. Douglas Overbey; Assistant United States Attorneys Emily M. Swecker and Mac D. Heavener, III; and James Ward, a co-defendant in a related criminal matter. [Doc. 1, p. 1-2]. The factual allegations contained in the Complaint are characterized by Plaintiff as amounting to unlawful arrest, malicious assault, stalking, malicious prosecution, and false imprisonment. [Doc. 1, p. 7]. The Court now undertakes a detailed review of Plaintiff's recitation of facts which he avers give rise to those claims.

Plaintiff alleges the incidents underlying his claim for deprivation of rights began on May 11, 2019. [Doc. 1, p. 3]. On that day, Officers Barker and Giles allegedly stalked Plaintiff at his home at 7205 St. Clair Road in Whitesburg, Tennessee; observed Plaintiff leaving his residence in James Ward's pickup truck; and engaged in a high-speed vehicle pursuit of the vehicle. *Id.* Plaintiff notes that Officers Barker and Giles attempted to stop the truck on Old Russellville Pike, but the truck did not stop. [Doc. 1, p. 3-4]. Instead, the pursuit continued before the truck finally stopped on Smith Trail. [Doc. 1, p. 4]. Plaintiff alleges the pursuit put his "life in a stage of shock, imminent danger, and mental and emotional stress." *Id.* During the pursuit, Plaintiff admits the driver of the truck was at times traveling at a rate of speed in excess of one hundred miles per hour. *Id.*

When the vehicle came to a stop, Plaintiff asserts that Officers Barker, Giles, and Watson held him a gunpoint and commanded him to exit the pickup truck. *Id.* Plaintiff admits that he did not exit the vehicle as commanded but says it was only because he was unable to comply with the command because the door and window equipment on the passenger's side of the truck were not operational. *Id.* Given Plaintiff's perceived noncompliance, Officer Giles knocked out the glass in the passenger-side door. *Id.* Plaintiff contends that his head, face, chest, hands and arm sustained injuries when Officer Giles did so because he was struck several times with the "deadly weapon" the officer used to break the window. *Id.* After breaking the glass, Plaintiff alleges that Officer

Giles pulled him through the window violently by his hair, neck and arms and then secured him by slamming him face-first to the ground and placing him in handcuffs behind his back. *Id.* Plaintiff states that in addition to his person being searched thereafter, officers illegally searched his wallet where they located eleven (11) suboxone strips for which Plaintiff says he had a valid prescription. *Id.* The pursuit, stop, and search resulted in the issuance of a state warrant for constructive possession of drugs and contraband later found in Defendant Ward's pickup truck. [Doc. 1, p. 5]. Following his arrest on state charges, Plaintiff advises he was transported to the Hamblen County Jail where he was detained from May 11, 2019 until May 28, 2019 when he was released on bond by the Hamblen County General Sessions Court. *Id.* Plaintiff suggests he was "proven innocent" of the state courts charges despite admitting those charges were not dismissed. *Id.*

Plaintiff separately alleges that former United States Attorney J. Douglas Overbey and current Assistant United States Attorneys Robert Reeves, Emily M. Swecker, and Mac D. Heavener, III knowingly and intentionally conspired with each other and diverse others in filing false charges against him via a Grand Jury Indictment obtained on September 10, 2019. [Doc. 1, p. 6]; *see* Indictment, United States v. Norton, No. 2:19-cr-145 (E.D. Tenn. Sept. 10, 2019), ECF No. 3. Plaintiff avers the behavior of these members of the Department of Justice amounts to action taken under color of law and alleges the charging decision deprived Plaintiff of life, liberty, and property in violation of his due process rights. *Id.* Plaintiff characterizes the charges against him as being "false" and suggests those charges were based on unconstitutionally obtained materials which were in some instances fabricated. *Id.*

At a trial on the disputed charges, Plaintiff asserts that jurors were presented with the purportedly perjured testimony of Defendant James Ward and were permitted to consider as evidence drugs and drug paraphernalia procured following his arrest which he claims belonged to

Defendant Ward[1]. [Doc. 1, p. 7]. Plaintiff submits these "tactics" constitute the act of knowingly and intentionally supporting perjury and malicious prosecution. *Id.*

As noted above, the facts of the instant action track with those underlying Plaintiff's recent conviction in a criminal matter in this District. *See* Verdict Form, United States v. Norton, No. 2:19-cr-145 (E.D. Tenn. Mar. 19, 2021), ECF No. 389. Plaintiff was found guilty of the following crimes in the related case:

(a) Count 1 -- conspiracy to distribute 50 grams or more of methamphetamine pursuant to 18 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A);

(b) Count 6 -- distribution of methamphetamine 18 U.S.C. §§ 841(a)(1) and (b)(1)(C); and

(c) Count 7 -- having been convicted of a crime punishable by an imprisonment for a term exceeding one year and later knowingly possessing a firearm in and affecting commerce pursuant to 18 U.S.C. § 922(g)(1).

*Id*; *see also* Superseding Indictment, United States v. Norton, No. 2:19-cr-145 (E.D. Tenn. Sept. 1, 2020).[2] Plaintiff is currently awaiting sentencing in the criminal matter. *See* Order, United States v. Norton, No. 2:19-cr-145 (E.D. Tenn. Mar. 19, 2021), ECF No. 393. The Plaintiff in this matter has filed a Notice of Appeal as to the Jury Verdict. *See* Notice of Appeal, United States v. Norton, No. 2:19-cr-145 (E.D. Tenn. April 14, 2021), ECF No. 399.

Plaintiff has asked this Court to grant him (1) a trial by jury, (2) punitive and compensatory damages in the sum of one million dollars, (3) attorney's fees, investigative costs, and filing fees

---

[1] Plaintiff also claims that Defendant Ward admitted ownership of these items in the Hamblen County General Sessions Court but presented no proof as to that assertion.
[2] Plaintiff was found not guilty of the criminal activity alleged in Count 11 of the superseding indictment.

attributed to pursuing the instant action, and (4) any other relief the Court sees fit. Plaintiff further asks the Court to appoint him an attorney to assist in him in pursuing this action.

II.     **Legal Analysis**

42 U.S.C. § 1983 creates a federal cause of action against any person acting under color of law who causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To be successful in a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

While 42 U.S.C. § 1983 only applies to state or local government action, there is an analogous cause of action against federal actors for deprivation of constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). As with a § 1983 claim, a plaintiff asserting actions under *Bivens* must prove "(1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).

If a § 1983 or *Bivens* claim alleges an unconstitutional conviction, a plaintiff must demonstrate that he or she has separately proven the unlawfulness of his or her conviction as "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal

judgments. . . ." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).[3] "For *Heck* to bar a § 1983 claim, success on the claim must *necessarily* imply the invalidity of the conviction." *Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 431 (6th Cir. 2012); *see also Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 609 (6th Cir. 2014). Conversely, when courts are faced with civil claims that "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Lucier v. City of Ecorse*, 601 F. App'x 372, 377 (6th Cir. 2015) (emphasis in original and internal citations omitted). The Sixth Circuit, delineating the difference between when *Heck* does and does not apply, offered the following example of these contrasting circumstances:

> [I]f an individual is convicted of resisting arrest, that conviction bars claims that the police used excessive force during an arrest. A victory in a damages suit thus would mean that the officer used force improperly, while the conviction for resisting arrest would dictate the opposite conclusion. That is a classic *Heck* problem. But a person convicted of resisting arrest may still allege that an officer used excessive force *after* the arrest occurred. In that situation, the civil suit and the conviction potentially deal with separate moments and potentially can coexist without contradicting one another.

*Phillips v. Curtis*, 765 F. App'x 130, 131–32 (6th Cir. 2019) (emphasis in original and internal citations omitted). The Court will screen the above allegations in the context of *Heck* given the close connection between this matter and Plaintiff's criminal case.

### A. Claims raised against Hamblen County Sheriff's Department Officers David Barker, Chris Giles and Gene Watson

The Complaint alleges that Officers Barker, Giles, and Watson undertook activity amounting to stalking, malicious assault, unlawful arrest, and false imprisonment. As a preliminary matter, the Court must consider whether those claims are barred by the *Heck* rule. In

---

[3] *Heck* applies to civil rights claims raised under *Bivens* just as it would apply in the § 1983 context. *Cook v. Chief, U.S. Marshal, Cleveland, Ohio*, No. 17-3095, 2018 WL 3655916, at *1 (6th Cir. Mar. 9, 2018) (citing *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998)).

the related criminal case, Defendant was convicted of drug and firearm charges. In reviewing the recent crimes of which Plaintiff was convicted, the Court notes that only Count 1 was based on a factual period overlapping the allegations in the instant complaint. Count 1 does not specify, however, the exact dates of Plaintiff's criminal activity. Rather, it asserted an ongoing period that includes May 11, 2019 within it. As such, it appears that Plaintiff does not necessarily attack his convictions by making claims addressing the pursuit and arrest at issue. Accordingly, the Court must undertake further analysis of Plaintiff's claims against the officers to determine whether they may proceed.

The Court next considers whether these claims were timely raised. To make that determination the Court must first determine when the cause of action accrued before addressing whether the cause of action was raised within the applicable statute of limitations. *See McDonough v. Smith*, 139 S. Ct. 2149 (2019).

First, the Court considers when the claims against Officers Barker, Giles, and Watson accrued. Under what is referred to as the standard rule, § 1983 actions accrue when a plaintiff has a complete cause of action. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (citing *McDonough*, 139 S. Ct. at 2155; *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The *Dibrell* Court noted the Sixth Circuit sometimes applies a discovery rule which provides "that the claim accrues when the plaintiff knows of, or should have known of, that cause of action." *Id.* (citing *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017); *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015)). The *Dibrell* Court declined to resolve this difference in standard. *Id.* For clarity, the Court has considered each test in its analysis.

Here, Plaintiff claims that officers lacked a basis to monitor, stop, detain, arrest, or search his person. Plaintiff further contends that police tracking of his person, the high-speed police

pursuit of the truck, his removal from the stopped vehicle, his arrest, and the search of his person were unconstitutional. At no time does Plaintiff state or even imply that he only later learned that the police behavior constituted the offenses he now alleges; therefore, under either test Plaintiff knew or should have known on May 11, 2019 that he had claims based on what occurred on that date.[4] Accordingly, May 11, 2019 is the accrual date for Plaintiff's claims against the Hamblen County Sheriff's Department Officers he has named as defendants.

Having determined the accrual date for these claims, the Court must now determine the applicable statute of limitations. "As § 1983 does not have its own statute of limitations, the court must look to state law to determine the limitations period." *Johnson,* 777 F.3d at 843. The statute of limitations for § 1983 actions in Tennessee is one year, the same period prescribed by state law as applicable to personal injury torts. *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008) ("Our precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28–3–104(a)); *see also Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004). As previously noted, Plaintiff knew or should have known about his causes of action on May 19, 2019. Because the instant action was not filed until May 12, 2021, nearly two years after his causes of action accrued, Plaintiff's claims against Officers Barker, Giles, and Watson are time barred and should be dismissed with prejudice.[5]

---

[4] The Court need not comment on the strength of Plaintiff's claims for purposes of determining whether or not those claims were timely raised.

[5] Although not raised by Plaintiff, the Court has also considered whether equitable tolling applies to this matter. "[J]ust as limitations periods are taken from state law, so are the rules regarding equitable tolling." *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007). Applying Tennessee's savings statute, the Court notes that only where a person has an unsound mind, is under the age of eighteen, or is adjudicated incompetent does the law permit the tolling of a statute of limitations. *See* Tenn. Code. Ann. § 28-1-106; and *see Holt v. City of Dickson*, No. 3:14-cv-1985, 2015 U.S. Dist. LEXIS 147588, at *14 n.8 (M.D. Tenn. Oct. 30, 2015) (applying the Tennessee savings statute to § 1983 actions.) None of those provisions being applicable to Plaintiff, the Court found no grounds for equitable tolling in this matter.

### B. Claims raised against former United States Attorney J. Douglas Overbey and Assistant United States Attorneys Emily M. Swecker and Mac D. Heavener, III

Plaintiff's allegations against former United States Attorney J. Douglas Overbey and current Assistant United States Attorneys Robert Reeves, Emily M. Swecker and Mac. D. Heavener, III, challenge the constitutionality of his prosecution and conviction. A challenge of this nature is precisely the type of claim that *Heck* does not permit. To proceed with this type of claim, Plaintiff must show a favorable termination of his criminal conviction such as reversal or expungement. *See Ohnemus v. Thompson*, 594 F. App'x 864 (6th Cir. 2014). Here, while Plaintiff has appealed his criminal conviction to the Sixth Circuit, a mere appeal in no ways equates to a favorable resolution nor is it proof of a wrongful conviction. The Court must conclude that at this juncture *Heck v. Humphrey* bars the claims raised against the United States Attorney and Assistant United States Attorneys. The Court does recommend that these claims be dismissed without prejudice given that Plaintiff's case on the related criminal charges is presently on appeal.

### C. Claim raised against James Ward

Plaintiff appears to allege that James Ward, who was a co-defendant in the related criminal case, offered fabricated testimony on behalf of the United States. Plaintiff fails to build upon this conclusory allegation and never explains why Defendant Ward's allegations are false. While this Court liberally construes pro se pleadings, it "need not consider vague or conclusory allegations." *Jackson v. Withrow*, 940 F.2d 660 (6th Cir. 1991). Plaintiff's assertion that Mr. Ward committed perjury is precisely the sort of vague allegation this Court will not entertain. Moreover, even if this claim were built on a sturdy factual foundation, a private cause of action for perjury is not currently recognized under federal law. *Batey v. Metro. Gov't Dep't of Codes*, No. 3:16-CV-02377, 2016 WL 8711722, at *2 (M.D. Tenn. Sept. 9, 2016). For these reasons, the Court recommends that this claim be dismissed with prejudice.

## III. Conclusion.

For the above reasons, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 1] be **DISMISSED** under 28 U.SC. § 1915(e) for failing to state a claim on which relief may be granted, with the claims against the police officer defendants and Defendant Ward being dismissed **WITH PREJUDICE** and claims against the remaining defendants being dismissed **WITHOUT PREJUDICE**. Given this recommendation, it is further **RECOMMENDED** that Plaintiff's pro se Motion to Appoint Counsel [Doc. 2] be **DENIED** because the Court is recommending that Plaintiff's claims be dismissed. This matter is now to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[6]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).