UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| LYNN RICHARD NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00084-DCLC-CRW |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID BARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge [Doc. 6]. In the Report and Recommendation, the magistrate judge recommends that Plaintiff's Complaint against the police officers and Defendant Ward be dismissed with prejudice and dismissed without prejudice as to the remaining defendants for failure to state a claim on which relief may be granted, under 28 U.S.C. § 1915(e) [*Id*., pg. 11]. Plaintiff filed Objections [Docs. 10, 11][1] to the Report and Recommendation on June 16, 2021, and July 8, 2021, which the Court will now consider.

As detailed in the magistrate judge's report and recommendation (R&R), Plaintiff filed the instant complaint against Hamblen County Sheriff's Department Officers David Barker, Chris Giles, and Gene Watson; former United States Attorney (U.S. Attorney) J. Douglas Overbey; Assistant United States Attorneys (AUSA) Emily M. Swecker and Mac D. Heavener, III; and James Ward, Plaintiff's co-defendant in a related criminal matter [Doc. 1, pgs. 1-2]. The basis for

---

[1] Plaintiff filed a "supplement" set of objections to the magistrate judge's R&R because, according to him, he did not receive confirmation that the Court received his original set of objections [Doc. 11, pgs. 1-2]. Plaintiff's "supplement" largely reiterates his original set of objections and, thus, the Court will discussion only his original objections.

1

Plaintiff's complaint relates to his May 11, 2019, arrest for constructive possession of drugs and contraband [*Id.*, pgs. 1-7]. According to Plaintiff, Officers Barker and Giles stalked him at his home, observed him leaving his home as a passenger in Ward's truck, and subsequently engaged in a high-speed chase of the vehicle he was in [*Id.*, pgs. 3-4]. Plaintiff asserts that the high-speed chase put him in shock and imminent danger [*Id.*]. He explains that, when Ward eventually stopped the truck, he was unable to comply with the officers' commands to exit the truck, which led Giles to knock out the window of the passenger-side door and injure his head, face, chest, hands, and arms [*Id.*]. Plaintiff contends that, after breaking the window, Giles violently pulled him through the window and slammed him to the ground to handcuff him [*Id.*]. Plaintiff states that officers then illegally searched his wallet and found 11 suboxone strips, for which Plaintiff claims he had a prescription [*Id.*].

Plaintiff states that at his later state criminal proceeding for the charges related to his May 11, 2019, arrest, he was "proven innocent," even though he admits that those charges were not dismissed [*Id.*, pgs. 4-5]. He also alleges that U.S. Attorney Overbey and AUSAs Swecker and Heavener conspired to file false charges against him in federal court [*Id.*, pgs. 5-6]. At Plaintiff's federal trial, the prosecution allegedly offered Ward's perjured testimony and allowed the jury to consider evidence that belonged to Ward [*Id.*]. The jury subsequently found the Plaintiff guilty in that case of conspiracy to distribute 50 grams or more of methamphetamine, distribution of methamphetamine, and being a felon in possession of a firearm [*Id.*].

On May 12, 2021, Plaintiff filed a Complaint [*Id.*, pgs. 1-8] with this Court under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Officers Barker, Giles, and Watson; former U.S. Attorney Overbey; AUSAs

2

Swecker and Heavener; and Ward alleging violations of his Fourth and Fourteenth Amendment rights [*Id.*].

After examining Plaintiff's Complaint, the magistrate judge found that Plaintiff's allegations do not state a claim on which relief may be granted [Doc. 6]. First, the magistrate judge determined that the claims against the officers were time-barred because he did not file his complaint until nearly two years after his causes of action accrued [*Id.*, pgs. 8-9]. Second, as to U.S. Attorney Overbey and AUSAs Swecker and Heavener, the magistrate judge concluded that Plaintiff's claims challenge the validity of his criminal proceedings and that such claims are barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), which requires dismissal of a § 1983 complaint if a judgment in favor of the plaintiff would imply the invalidity of a conviction or sentence [*Id.*, pg. 10]. Lastly, the magistrate judge found that Plaintiff's allegations against Ward were vague and conclusory [*Id.*].

Plaintiff objects to the magistrate judge's findings that his claims against the officers are time-barred, his claims against the remaining defendants are barred under *Heck*, and his claims against Ward are conclusory allegations [Docs. 10, 11]. Plaintiff's objections, however, do not address the legal findings of the magistrate judge. Rather, Plaintiff alleges additional facts as to how Defendants violated his federal and constitutional rights by arresting him and prosecuting him in his criminal trial [*See* doc. 10, pgs. 1-18]. Indeed, Plaintiff merely provides greater detail about the events of May 11, 2019, and his subsequent criminal proceeding [Doc. 10, pgs. 1-18]. Additionally, Plaintiff has filed *pro se* Motions to Appoint Counsel, for a Certificate of Appealability, and for Injunctive Relief [Docs. 2, 13, 14].

When assessing the sufficiency of a complaint, the Court is limited to considering "the complaint, the documents attached to the complaint, and documents referenced in the complaint."

*Peterson v. Hopson*, No. 2:17-CV-02891, 2018 WL 4431409, at *1 (W.D. Tenn. Sept. 14, 2018) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)). Therefore, the Court declines to consider new facts raised in Plaintiff's Objections. *See, e.g.*, *Peterson*, 2018 WL 4431409, at *1 (declining to consider new facts raised in the plaintiff's objection to the magistrate judge's report and recommendation).

After thorough consideration of the Report and Recommendation [Doc. 6], Plaintiff's Objections [Doc. 10, 11], and the record as a whole, the Court finds that the Report and Recommendation properly analyzes the issues presented. For the reasons set out in the Report and Recommendation, which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation [Doc. 6] is **ADOPTED** and this action is **DISMISSED**, with Plaintiff's claims against Officers Barker, Giles, and Watson and Defendant Ward **DISMISSED WITH PREJUDICE,** and Plaintiff's claims against the remaining defendants **DISMISSED WITHOUT PREJUDICE**. Accordingly, Plaintiff's remaining *pro se* Motions to Appoint Counsel [Doc. 2] and for Injunctive Relief [Doc. 14] are **DISMISSED AS MOOT**.

In addition to the above, Plaintiff has moved for a certificate of appealability [Doc. 13]. That motion is **DENIED** because the Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be frivolous. Therefore, Plaintiff's application for leave to proceed *in forma pauperis* on appeal is **DENIED**. Fed. R. App. P. 24(a)(2). Accordingly, a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

SO ORDERED:

s/ Clifton L. Corker  
United States District Judge